In the Matter of the Claim of GEORGE BARROW, Respondent, against MALONE TELEGRAM, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— An employer and insurance carrier appeal from an award and decision of the Workmen's Compensation Board which awarded compensation in the sum of $8,701.87, covering the period from June 15, 1948 to July 22, 1954, at the rate of $27.33 per week, and directed that compensation continue at such a weekly rate for the balance of claimant's life. Claimant suffers from a mental ailment called a manic depressive psychosis and is presently confined in the St. Lawrence State Hospital at Ogdensburg, New York. The contention made in his behalf is that this mental disability was caused by an industrial accident, and the board has so found. Appellants argue that this finding is not sustained by substantial evidence. Claimant is a printer by trade. On November 13, 1947 he suffered a compression fracture to one of the vertebrae in his back when he slipped as he was lifting a case of type to a table. X rays taken shortly after the accident revealed a previously healed fracture of the same thoracic vertebra. His attending physician thought claimant might have some degenerative bone condition and referred him for treatment to a hospital in Montreal. There claimant was found to have a thrombosis of a small branch of the middle artery in the right parietal lobe, a duodenal ulcer, and a marked deformity and collapse of the anterior portion of the body of the second lumbar vertebra. He was given treatment for his ulcer and, upon his discharge, he was given a prescription for a Taylor brace. On January 2, 1948 claimant returned to his usual work and was paid compensation for the period between the date of the accident and the day he returned to work. He continued to work until April 14, 1948 and apparently made good progress in respect to his back injury but was showing signs of psychic degeneration. His mental condition continued to worsen and on April 25, 1948 he became a patient in the Syracuse Memorial Hospital. At the latter institution his condition was diagnosed as: " Generalized arteriosclerosis; cerebral anteriosclerosis; recent cerebral vascular accident (thrombosis or hemorrhage); healed duodenal ulcer; chronic nephritis; chronic acidosis (renal); renal osteoporosis with vertebral collapse". He was discharged from the Syracuse hospital on May 5, 1948 and about a month later was admitted to the St. Lawrence State Hospital at Ogdensburg, New York where he is still confined. The record indicates, in addition to the foregoing, that claimant had a long history of physical disability antedating the date of the accident in 1947. In 1937 and 1938 he was confined in the Hepburn Hospital at Malone, New York for stomach trouble. In 1938 a biopsy of the glands of the pyloric region was performed at that hospital. Also in 1938 he was operated on for the removal of a piece of gristle which had formed in the opening of the stomach. In 1940 he suffered a shock which resulted in one side of his face becoming slightly paralyzed. These matters are mentioned because we think they are of some importance in determining whether there is substantial evidence in the record to sustain the finding of the board that claimant's accident was a cause of his mental condition. His attending physician testified unequivocally that in his opinion the accident had no part in claimant's mental ailment. This was also the opinion of a psychiatrist who was called to testify for the employer and carrier. The board's finding of causal connection rests entirely upon the testimony of a physician from the St. Lawrence State Hospital. On the first hearing at which he testified this physician said he could not tell what caused the mental illness. At a subsequent hearing he gave it as his opinion that the accidental injury was a cause, not necessarily the cause; and based his opinion upon the theory that the injury and disability completely upset claimant's equilibrium. In

connection with his opinion testimony this physician was unable to say that he examined the claimant personally but he did say that he had viewed the hospital records before testifying. Apparently he had no knowledge of claimant's rather long history of physical disability and ailments antedating the accident of 1947, nor did he have any knowledge of claimant's living conditions at home. He conceded that the medical history, so far as he knew it, revealed cerebral arteriosclerosis which might cause a psychosis, but he discounted this disease as a cause of claimant's mental condition because claimant did not show any memory defects and had no difficulty in thinking clearly and accurately. He characterized claimant's mental condition as a severe depression with an idea that everything was hopeless. Finally the record reveals that the opinion of this physician was not wholly his own and rested in part on the opinion of his associates at the hospital, who did not testify. Moreover he agreed that the presence of memory defects and difficulty in thinking would demonstrate that claimant's mental condition was caused by arteriosclerosis. Assuming that such memory defects and difficulty in thinking were not apparent when this physician testified in 1950 there is rather strong proof that they had clearly manifested themselves when a psychiatrist examined the claimant in 1952, some three years prior to the date of the board's finding. Upon the basis of the foregoing we are constrained to the conclusion that the board's finding of causal connection was not based upon substantial evidence. The mere expression of a medical opinion couched in somewhat equivocal language may not always be grasped as a substitute for fair and substantial evidence (*Matter of Hayes* v. *Stroock & Co.*, 283 App. Div. 578; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65). And this is especially so in the field of mental illness. In this case we think a further and more thorough exploration should be made into the claim if an award is to be made. Decision and award reversed, with costs to the appellants and against the Workmen's Compensation Board and matter remitted for additional hearings if the board is so advised. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.